{¶ 26} I respectfully dissent from the majority's analysis and disposition of appellant's sole assignment of error.
 {¶ 27} The majority, in the case sub judice, finds that the officer did not have a reasonable suspicion of criminal activity sufficient to justify the extra-territorial stop in the case sub judice. The majority further finds that the officer's action in stopping the vehicle violated the reasonableness requirement of the Fourth Amendment.
 {¶ 28} The Ohio Supreme Court, in the syllabus of State v.Weideman, 94 Ohio St.3d 501, 2002-Ohio-1484, 764 N.E.2d 997, held as follows:
 {¶ 29} "Where a law enforcement officer, acting outside the officer's statutory territorial jurisdiction, stops and detains a motorist for an offense committed and observed outside the officer's jurisdiction, the seizure of the motorist by the officer is not unreasonable per se under the Fourth Amendment. Therefore, the officer's statutory violation does not require suppression of all evidence flowing from the stop."
 {¶ 30} At the suppression hearing in this matter, Officer Hershberger testified that he pulled over the vehicle because it had no headlights on. Supp. T. at 40. There also was testimony adduced at the hearing that it was dark outside at that time.
 {¶ 31} Based on Weideman, supra., I would find that the stop of the vehicle by the officer in this matter was not unreasonable per se under the Fourth Amendment and that the officer's statutory violation does not require suppression of all evidence flowing from the stop. As noted by appellee, the officer personally observing appellant driving in the dark without headlights and therefore had reasonable suspicion to make the traffic stop. *Page 10 
 {¶ 32} Based on the foregoing, I would find that the trial court did not err in denying the Motion to Suppress in this case. *Page 1